IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE LUIS HARAS-VERDUZCO, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:05 CV 111 TC |

Mr. Jose Luis Haras-Verduzco has filed a petition to set aside his conviction pursuant to 28 U.S.C. § 2255.  He contends that his sentence was illegal under Apprendi v. New Jersey, 530 U. S. 466 (2000) and United States v. Booker, 125 U. S. 738 (2005).

For the reasons discussed below, the court denies Mr. Haras-Verduzco's petition.[1]

**Procedural Background**

The grand jury indicted Mr. Hara-Verduzco on a charge of illegal re-entry of a previously removed alien (8 U.S.C. § 1326) (2:04 CR 17, Dkt. No. 1).  The United States filed a "Notice of Sentencing Enhancement," alleging that Mr. Haras-Verduzco had previously been convicted of a drug trafficking offense (Id., Dkt. No. 2).  On April 12, 2004, Mr. Haras-Vereduzco plead guilty to the charge.  He was advised at the time of the entry of his guilty plea that he faced a maximum

---

[1] Because the petition and the record show conclusively that Mr. Haras-Verduzco is not entitled to relief, there will not be a hearing.

possible penalty of twenty years imprisonment, a $250,000 fine, or both (Id., Dkt. No. 15). In his signed plea agreement, Mr. Haras-Verduzco admitted that he had been convicted of the crime alleged in the notice (Id.).

Because Mr. Haras-Verduzco had previously been deported following a conviction for a drug trafficking felony, pursuant to the United States Sentencing Guidelines, his base offense level was enhanced by twelve points. (Presentence Report at ¶ 16). This enhancement placed Mr. Haras-Verduzco within a guideline range of thirty to thirty-seven months (Id. at ¶ 51). On June 21, 2004, the court sentenced Mr. Haras-Verduzco to thirty-four months in custody to be followed by thirty-six months of supervised release. (2:04 CR 168, Dkt. No. 20).

Mr. Haras-Verduzco did not appeal his conviction or his sentence.

## Analysis

Reading Mr. Haras-Verduzco's petition liberally, it appears that he claims that the court's reliance on his prior conviction in determining his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 125 U. S. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004).

The Tenth Circuit Court of Appeals recently denied a petition in a case that appears identical to Mr. Haras-Verduzco's. In United States v. Lopez, 2005 WL 1120327 (10th Cir.(Utah)), the petitioner pleaded guilty to illegal reentry of a previously deported alien. In his plea agreement, he admitted that he had been previously convicted of aggravated felonies. He filed a petition pursuant to 28 U.S. C. § 2255. The Tenth Circuit, without reaching the issue of whether the holding in Booker applies retroactively to cases on collateral review, held that the petitioner had failed to show plain error in the district court's mandatory application of the

sentencing guidelines and was therefore not entitled to relief.. Id. at *1.

Accordingly, it is clear that Mr. Haras-Verduzco's argument fails and his petition is DENIED.

DATED this 26th day of May, 2005.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
United States District Judge